UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS PEPE, PERSONAL
REPRESENTATIVE OF THE
ESTATE OF EUGENE PEPE,

     Plaintiff,

v.                                                      Case No.:  2:25-cv-723-JES-DNF

SAUL VILLABOLOS, STEVEN
RUBINO, LUKE LAJQI, SUSAN
FINLEY, AND KHALEEB
HOOVER,

     Defendant.

_____

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Thomas Pepe's Amended Complaint. (Doc. 13). Plaintiff sought to proceed in forma pauperis, meaning that he requested leave to proceed without prepaying the filing fees or other costs in the case. On August 26, 2025, the Court entered an Order (Doc. 6), allowing Plaintiff to proceed in forma pauperis, finding Plaintiff financially eligible. (Doc. 6, p. 3). The Court also found that Plaintiff's Complaint (Doc. 1) was deficient for several reasons, and directed Plaintiff to submit an amended complaint that complied with the Order. (Doc. 6, p. 3-7). Plaintiff submitted an Amended Complaint (Doc. 13).

The Court reviewed this submission to determine if Plaintiff cured the deficiencies found in the original complaint. Plaintiff has not.

As outlined in the August 28, 2025 Order (Doc. 6), if a plaintiff requests to proceed *in forma pauperis*, a court must dismiss the case if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To satisfy the requirements of §1915(e), a complaint must contain a short plain statement of the grounds for jurisdiction, a short plain statement showing that the plaintiff is entitled to relief, and a demand for relief. Fed. R. Civ. P. 8(a)(1)-(3). To state a claim, a complaint must allege sufficient facts that, if accepted as true, state a claim that is plausible on its face. *Govan v. United States Dep't of Veterans Affs.*, 787 F. App'x 599, 601 (11th Cir. 2019). "A claim is plausible when the facts pled 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Govan*, 787 F. App'x at 601 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Pro se pleadings are subject to a less stringent standard than pleadings drafted by lawyers. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Even so, a court may not act as a de facto attorney for a pro se party or rewrite a deficient complaint to sustain a lawsuit. *Campbell*, 760 F.3d 1168-69. And all parties must comply with the Federal Rules of

Civil Procedure. *Collier v. Conway*, 672 F. App'x 950, 952 (11th Cir. 2016); *Brown v. U.S. Pat. & Trademark Off.*, 226 F. App'x 866, 868 (11th Cir. 2007)).

In the Amended Complaint (Doc. 13), Plaintiff brings claims against defendants Susan Finley, Khaleeb Hoover, Luke Lajqi, Steven Rubino, and Saul Villabolos for violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983, fraud, "and other applicable statutes." (Doc. 13, p. 1). In the factual allegations, Plaintiff alleges that he was appointed as personal representative of his father's estate. (Doc. 13, p. 2). The allegations revolve around a real estate transaction. Plaintiff claims that he entered into a real estate contract, but several Defendants breached or altered the real estate contract and altered the escrow account. (Doc. 13, p. 2). Plaintiff also claims that a lawsuit, a foreclosure, and a conflict of interest arose from Defendants' conduct. (Doc. 13, p. 2-3). Plaintiff further alleges he suffered reputational harm, emotional distress, financial loss, and interference with his fiduciary duties as personal representative. (Doc. 13, p. 3). Plaintiff then summarily lists the counts for each claim:

> Count I - Fourth Amendment Violation (Unlawful Search and Seizure) Violation of U.S. Const. amend. IV and actionable under 42 U.S.C. § 1983
>
> Count Il- Fourteenth Amendment Violation (Due Process) Violation of U.S. Const. amend. XIV and actionable under 42 U.S.C. § 1983
>
> Count Ill - First Amendment Violation (Retaliation) Violation of U.S. Const. amend. I and actionable under 42 U.S.C. § 1983

> Count IV - Civil Conspiracy (Florida Common Law) Coordinated fraudulent actions to deprive Plaintiff of property and reputation
>
> Count V - Real Estate Fraud (Fla. Stat. § 817 .02, § 817 .535) Fraudulent alteration and presentation of contracts and escrow terms
>
> Count VI - Probate Misconduct (Fla. Stat. § 733.602, § 733.609) Breach of fiduciary duty and misrepresentation in probate proceedings
>
> Count VII - Attorney Misconduct (Florida Bar Rule 4-1. 7, Fla. Stat. § 733.617) Conflict of interest, fraudulent billing, and misrepresentation by legal counsel

(Doc. 13, p. 3).

As explained in the August 28, 2025 Order, the original complaint constituted an impermissible shotgun pleading. (Doc. 6, p. 3). For nearly forty years, the Eleventh Circuit has flatly forbidden the use of "shotgun pleadings" that are calculated to confuse opposing parties and the court by making it virtually impossible to determine which facts support which claims, whether plaintiff has stated a claim, and whether evidence introduced at trial is relevant. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Generally, complaints run afoul of the prohibition against shotgun pleadings by (1) "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) overusing "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) not separating "each cause of action

or claim for relief" into a different count; or (4) asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. At 1324-25 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). Such complaints violate Federal Rule of Civil Procedure 8(a)(2)'s command to provide "a short and plain statement of the claim showing that the pleader is entitled to relief;" Rule 10(b)'s requirement to state "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances;" or Rule 10(b)'s mandate that "each claim founded on a separate transaction or occurrence ... be stated in a separate count .... [i]f doing so would promote clarity." Fed. R. Civ. P. 8(a)(2), 10(b). In short, claims must be presented "discretely and succinctly" so an opposing party can discern what is claimed and frame a responsive pleading. *Barmapov*,

As with the original complaint, Plaintiff's Amended Complaint asserts multiple claims against multiple defendants, but fails to specify which Defendant committed which act or who each count is against. For these reasons, the Amended Complaint fails to give Defendants adequate notice of the claims against them and should be dismissed.

On the merits of the federal claims,[1] Plaintiff alleged that unspecified Defendants violated his First, Fourth, and Fourteenth Amendment rights, and all are actionable under 42 U.S.C. § 1983. Section 1983 "creates a private cause of action for deprivations of federal rights by persons acting under color of state law." *Grimes v. Sabri*, 674 F. App'x 860, 862 (11th Cir. 2016) (citing 42 U.S.C. § 1983). Thus, in any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> (1) the conduct complained of was conducted by someone acting under the color of state law, and
>
> (2) the conduct deprived him of legally recognized or Constitutional rights, privileges, or immunities.

*Hall v. Tallie*, 597 F. App'x 1042, 1044 (11th Cir. 2015) (citing *Fullman v. Graddick*, 739 F.2d 553, 561 (11th Cir. 1984)); *Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996).

"To satisfy section 1983's 'under color of [state law]' requirement, a plaintiff must demonstrate that 'the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'" *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 984 F.2d 401, 403 (11th Cir. 1993) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Only in distinct and special

---

[1] Plaintiff alleged federal question jurisdiction only. (Doc. 13, p. 1); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). No other jurisdiction was alleged.

circumstances would it be proper to deem private actors as acting "under color of law." *Grimes v. Sabri*, 674 F. App'x 860, 862 (11th Cir. 2016) (citing *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)).[2]

In the prior August 28, 2025 Order, the Court cautioned Plaintiff that he had not alleged that any Defendant was a state actor. (Doc. 6, p. 7). The Amended Complaint did not correct this deficiency. Thus, the Amended Complaint fails as a shotgun pleading and fails to state a claim upon which relief may be granted.

For these reasons, it is respectfully **RECOMMENDED** that Plaintiff's Amended Complaint (Doc. 13) be dismissed and the case closed.

Respectfully recommended in Fort Myers, Florida on October 2, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to

---

[2] A court employs three distinct tests to determine whether a private party is acting under color of state law: "(1) the public function test, which asks whether the private actors were performing functions traditionally the exclusive prerogative of the state; (2) the state compulsion test, which applies to situations where the government coerced or significantly encouraged the unconstitutional actions at issue; and (3) the nexus/joint action test, which applies where the state and the private party were joint participants in a common enterprise." *Grimes v. Sabri*, 674 F. App'x 860, 862 (11th Cir. 2016). The claims here do not tie any of the events to any of the Defendants let alone meet the test of showing these private parties acted under color of law.

file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties